01

02

03

04

05

06                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
07                              AT SEATTLE

08  JUAN PEREZ-QUIROZ,              )    CASE NO. C06-1587-JLR
                                    )
09          Petitioner,            )
                                    )
10  v.                              )    REPORT AND RECOMMENDATION
                                    )
11  NEIL CLARK,                     )
                                    )
12          Respondent.            )
    _____)

13

14              I.  INTRODUCTION AND SUMMARY CONCLUSION

15          Petitioner Juan Perez-Quiroz, proceeding pro se, has filed a Petition for Writ of Habeas

16  Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention by the U.S.

17  Immigration and Customs Enforcement ("ICE").  (Dkt. #4).  Petitioner requests that he be

18  released from detention, arguing that he is being indefinitely detained contrary to the mandate in

19  *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).  Alternatively,

20  petitioner argues that his detention is unreasonable because he is unable to afford the present

21  $50,000 bond amount, and requests that the Court lower his bond to $2,500.  (Dkt. #13 at 8).

22  Respondent has moved to dismiss, arguing that petitioner's continued detention is neither

REPORT AND RECOMMENDATION
PAGE -1

01 indefinite nor unlawful. (Dkt. #10).

02 Having carefully reviewed the entire record, I recommend that petitioner's habeas petition

03 (Dkt. #4) be DENIED and respondent's motion to dismiss (Dkt. #10) be GRANTED.

04 II. <u>BACKGROUND AND PROCEDURAL HISTORY</u>

05 Petitioner is a native and citizen of Mexico who entered the United States without

06 inspection at or near San Ysidro, California in May 1986. (Dkt. #9 at L14). On August 18, 2004,

07 petitioner was encountered by a Border Patrol agent in Bellingham, Washington. (Dkt. #9 at

08 L88). Petitioner claimed that he had legal permanent resident status, but, after a records check,

09 petitioner admitted that he had been illegally residing in the United States for the last 18 years.

10 *Id.* A criminal history check revealed several convictions, including a conviction for Grand Theft

11 in violation of California Penal Code 487, and Embezzle Property by Public/Private in violation

12 of California Penal Code 504. (Dkt. #9 at L14).

13 On August 18, 2004, ICE issued a Notice to Appear, charging petitioner with deportability

14 under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), for being present

15 in the United States without being admitted or paroled, and under INA § 212(a)(2)(A)(i)(I), for

16 having been convicted of a crime involving moral turpitude. (Dkt. #9 at L14). At the same time,

17 ICE issued a Warrant for Arrest of Alien and a Notice of Custody Determination, setting bond in

18 the amount of $50,000. (Dkt. #9 at L17-18). Petitioner requested a redetermination of the

19 custody decision by an Immigration Judge ("IJ"). (Dkt. #9 at L7).

20 On September 22, 2004, petitioner, proceeding through counsel, submitted a Motion to

21 Suppress and Exclude Evidence and Terminate Removal Proceedings. (Dkt. #9 at L25-36). On

22 September 27, 2004, the IJ denied petitioner's motion to suppress evidence and terminate

REPORT AND RECOMMENDATION
PAGE -2

01  proceedings.  (Dkt. #9 at L43-48).

02      On October 13, 2004, petitioner appeared for a bond redetermination hearing before the

03  IJ.  (Dkt. #9 at L187-88).  At the hearing, petitioner's counsel withdrew the request for a change

04  in custody status, stating that they had not been able to gather all the evidence.  (Dkt. #9 at L188).

05  The IJ advised petitioner that he could renew the request when ready, and entered an order

06  indicating that "no action" would be taken because petitioner's attorney had withdrawn the

07  request.  (Dkt. #9 at L50).

08      On December 13, 2004, petitioner appeared for removal proceedings before the IJ.  (Dkt.

09  #9 at L94).  The IJ repeated her finding and denied the motion to suppress evidence and terminate

10  proceedings.  The IJ also found petitioner removable as charged  in the Notice to Appear and

11  ordered him removed from the United States to Mexico.  (Dkt. #9 at L52, L43-L48).

12      On December 20, 2004, petitioner appealed the IJ's decision to the Board of Immigration

13  Appeals ("BIA").  (Dkt. #9 at L53, L72-76).  On April 18, 2005, the BIA adopted and affirmed

14  the IJ's decision, except for the finding that petitioner had not applied for any form of relief under

15  the INA, and remanded the matter to the IJ for consideration of petitioner's application for

16  voluntary departure.  (Dkt. #9 at L301).

17      On April 28, 2005, petitioner appeared for another hearing before the IJ regarding the issue

18  of voluntary departure.  (Dkt. #9 at L305).  On May 20, 2005, the IJ issued an order granting

19  petitioner's application for voluntary departure until May 27, 2005.  (Dkt. #9 at L306).  Petitioner

20  appealed the IJ's May 20, 2005 order of removal to the BIA.  (Dkt. 9 at L328-40).

21      On May 23, 2005, petitioner renewed his request for a bond redetermination hearing

22  before the IJ.  Petitioner requested that the IJ release him on his own recognizance, or in the

REPORT AND RECOMMENDATION
PAGE -3

01   alternative, reduce his bond from $50,000 to $1,500.  (Dkt. #9 at L320-23).  Petitioner submitted

02   a brief in support of his request, and letters from his sister, probation officer, friend, and two

03   former employers.  (Dkt. #9 at L308-23).  The IJ considered the evidence and determined that

04   petitioner's bond should remain at $50,000.  (Dkt. #9 at L324).

05        On June 22, 2005, petitioner appealed the IJ's bond decision to the BIA.  (Dkt. #9 at

06   L373-79, L389-95).  While his bond appeal was pending before the BIA, petitioner requested

07   another bond redetermination hearing by the IJ.  (Dkt. #9 at L380).  On July 15, 2005, the IJ

08   denied petitioner's request for a bond redetermination, finding that

09        Based upon [petitioner's] prior convictions, [petitioner's] ineligibility for any form of
         relief from removal, and the poor prospect that [petitioner] might prevail on appeal
10        on the merits, the court finds that a bond of $50,000.00 is reasonable under the
         circumstances as there is a realistic risk of flight in this case.

11

12   (Dkt. #9 at L380, L388).

13        On August 25, 2005, the BIA affirmed without opinion the IJ's May 20, 2005, order of

14   removal and grant of voluntary departure.  (Dkt. #9 at L396).  Petitioner filed a Petition for

15   Review of the BIA's decision, and a motion for stay of removal and voluntary departure with the

16   Ninth Circuit Court of Appeals. (Dkt. #9 at L398-33, R136-152).  The Ninth Circuit subsequently

17   entered a temporary stay of removal pursuant to the Court's General Order 6.4. (Dkt. #9 at L431-

18   32).

19        On September 23, 2005, the BIA dismissed petitioner's bond appeal as moot, noting  that

20   neither the IJ nor the BIA had authority to set bond conditions because a final order of removal

21   had been entered in petitioner's case.  (Dkt. #9 at L429).

22        On or about March 16, 2006, ICE conducted a post order custody review of petitioner's

REPORT AND RECOMMENDATION
PAGE -4

01 case.  (Dkt. #9 at R67-79).  The ICE reviewing officer recommended that petitioner remain in

02 custody, stating,

> There are no travel document requirements for returning PEREZ to Mexico.  PEREZ
> can be returned to Mexico in a timely manner once his case his decided by the Ninth
> Circuit Court of Appeals.  PEREZ has a criminal record that includes two felony
> convictions and two misdemeanor convictions.  PEREZ has no local community ties,
> property, employment, or dependents.

06 (Dkt. #9 at R68).  On March 22, 2006, ICE Field Office Director A. Neil Clark issued a letter

07 informing petitioner that he would continue to be detained pending the result of his appeal before

08 the Ninth Circuit.  (Dkt. #9 at R79).

09      On November 2, 2006, petitioner, proceeding pro se, filed the instant habeas petition.

10 (Dkt. #4).  On December 11, 2006, respondent filed a return memorandum and motion to dismiss.

11 (Dkt. #10).  Petitioner filed a response to the government's motion to dismiss, Dkt. #13, and a

12 motion to compel, Dkt. #12.  Respondent filed a reply and opposition to petitioner's motion to

13 compel.  (Dkt. #11).

14      On February 26, 2007, the Ninth Circuit, after oral hearing, denied petitioner's petition for

15 review on the merits.  *Perez-Quiroz v. Gonzales*, No. 05-75123, 2007 WL 625172 (9th Cir. Feb.

16 26, 2007).

17                     III. <u>DISCUSSION</u>

18      Petitioner argues that his continued detention, subject to a $50,000 bond, violates his

19 substantive and due process rights, and that his release is mandated pursuant to *Zadvydas*, 533

20 U.S. at 678.  (Dkt. #4).  Respondent argues that because petitioner's removal has been stayed by

21 the Ninth Circuit pending its review of the BIA decision, the ninety-day removal period has not

22 commenced, and petitioner's detention is based on INA § 236(a), 8 U.S.C. § 1226(a).

REPORT AND RECOMMENDATION
PAGE -5

01   Respondent asserts that because petitioner's removal period has not commenced, this is not a

02   post-order custody case where *Zadvydas* applies.  (Dkt. #10 at 1, 6-8).  On February 26, 2007,

03   however, the Ninth Circuit denied petitioner's petition for review.  Therefore, the removal period

04   has commenced, and petitioner's detention is required under INA § 241(a)(2), 8 U.S.C. §

05   1231(a)(2).

06          "When a final order of removal has been entered against an alien, the Government must

07   facilitate that alien's removal within a 90-day 'removal period.'" *Thai v. Ashcroft*, 366 F.3d 790,

08   793 (9th Cir. 2004)(citing *Xi v. INS*, 298 F.3d 832, 834-35 (9th Cir. 2002)); INA § 241(a)(1)(A),

09   8 U.S.C. § 1231(a)(1)(A).  The removal period begins on the latest of the following:

10          (i) The date the order of removal becomes administratively final.

11          (ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of
        the alien, the date of the court's final order.</u>

12

13          (iii) If the alien is detained or confined (except under an immigration process), the date the
        alien is released from detention or confinement.

14   8 U.S.C. § 1231(a)(1)(B)(emphasis added); s*ee also Khotesouvan v. Morones*, 386 F.3d 1298,

15   1300 n.3 (9th Cir. 2004) (stating that the 90-day removal period commences on "the date the

16   order of removal becomes final; the date a reviewing court lifts its stay following review and

17   approval of the order of removal; or the date the alien ordered removed is released from non-

18   immigration related confinement.").  During the removal period, continued detention is statutorily

19   required.  INA § 241(a)(2), 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney

20   General shall detain the alien.").  Where removal cannot be accomplished within the ninety-day

21   removal period, detention beyond the removal period is authorized by INA § 241(a)(6), 8 U.S.C.

22   § 1231(a)(6).  In *Zadvydas* the Supreme Court determined that, beyond those ninety days, the

REPORT AND RECOMMENDATION
PAGE -6

01  government is entitled to a presumptively reasonable period of detention of six months to bring

02  about the alien's removal from the United States.  *Zadvydas v. Davis*, 533 U.S. 678, 701, 121 S.

03  Ct. 2491, 150 L. Ed. 2d 653 (2001).   After the six month period, the alien is eligible for

04  conditional release upon demonstrating that there is "no significant likelihood of removal in the

05  reasonably foreseeable future."  Id.

06          In the present case, the Ninth Circuit dismissed petitioner's petition for review on February

07  26, 2007, thereby commencing the removal period.[1]  *See* INA § 241(a)(1)(B)(ii), 8 U.S.C. §

08  1231(a)(1)(B)(ii).   Accordingly, petitioner's ninety-day removal period will expire on or about

09  May 26, 2007, and the six month presumptively reasonable period will expire on or about August

10  26, 2007.   Accordingly, petitioner's detention is statutorily required, and the Court must deny

11  habeas relief.[2]

12                                    IV.  CONCLUSION

13          For the foregoing reasons, I recommend that respondent's motion to dismiss be granted,

14  / / /

15  / / /

16  _____

17          [1] The stay of removal and the stay of voluntary departure expired upon issuance of the
mandate.  *See Desta v. Ashcroft*, 365 F.3d 741 (9th Cir. 2004).

18          [2] Petitioner has also filed a motion to compel, Dkt. #12, seeking to compel production of

19  twenty-one pages which were redacted from petitioner's Administrative Record filed with the
Court on December 11, 2006, Dkt. #9.  Respondent has opposed petitioner's motion to compel,

20  arguing that the pages were redacted pursuant to 5 U.S.C. §§ 552(b)(5) and 552(b)(7)(c), and
thus, are not subject to discovery.  (Dkt. #11 at 4).  The Court concludes that the information
sought would not help to resolve this case.  As reflected in the Report and Recommendation, it

21  does not appear that the apparent unavailability of the documents sought has in any respect
hindered plaintiff in litigating this matter.

22          In sum, the Court finds no basis for granting petitioner's motion to compel.  Accordingly,
his motion to compel (Dkt. #12) should be DENIED.

REPORT AND RECOMMENDATION
PAGE -7

01  and that this action be dismissed.   A proposed Order accompanies this Report and

02  Recommendation.

03          DATED this 23rd day of March, 2007.

04

05                                          Mary Alice Theiler
                                            United States Magistrate Judge

06

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

REPORT AND RECOMMENDATION
PAGE -8